UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SUSAN WALLACH,                                                    Case Number:

                                        Plaintiff,

                -v-                                          **COMPLAINT WITH
                                                             JURY DEMAND**

PARTNERS HEALTH PLAN, INC.,
CARE DESIGN NY, LLC, and LISA REESE,

                                        Defendants.
-----------------------------------------------------------------------X

  Plaintiff, SUSAN WALLACH ("Mrs. Wallach" or "Plaintiff"), by and through their

attorneys, THE LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, and

each of them, hereby alleges as follows upon information and belief:


## <u>NATURE OF CASE</u>

  1. This is action is brought pursuant to the Family and Medical Leave Act of 1993,

29 U.S.C. 2601 *et seq*. ("FMLA"), the Americans with Americans with Disabilities Act as

amended by the ADA Amendments Act, 42 USC § 12101, et. seq. ("ADA"), and the New York

State Human Rights Law, New York Exec. Law § 290 et seq. ("NYSHRL"), and other

appropriate rules, regulations, statutes and ordinances.


  2. Mrs. Wallach claims that Defendants have discriminated against her on the basis

of her disability.

**JURISDICTION AND VENUE**

3.      Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves statutes of the United States, specifically, the FMLA, 29 U.S.C. §2601, *et seq*. and the ADA, 42 USC § 12101, et seq.  Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the New York causes of action which form other bases for recovery upon the same factual nexus, specifically Plaintiff's NYSHRL.

4.      Venue is based upon 28 U.S.C. § 1391(b)(2), insofar as all of the events giving rise to the within causes of action occurred in this Judicial District.

**ADMINISTRATIVE PROCEDURES**

5.      Prior to the filing of this lawsuit, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against the entity Defendants for their violations of Americans with Disabilities Act.

6.      Plaintiff received a notice of right to sue on or about June 8, 2022.

7.      Plaintiff has filed this Complaint within 90 days of receiving a notice of right to sue from the EEOC.

8.      Any and all prerequisites to the filing of this suit have been met.

**THE PARTIES**

9.      Mrs. Wallach is an individual residing in Pearl River, New York.

10.    At all times herein pertinent, Mrs. Wallach was an "employee" of the Defendants, within the meaning of the FMLA, the ADA, and the NYSHRL.

11.    At all times herein pertinent, Plaintiff was a "person" within the meaning of the FMLA, the ADA, and the NYSHRL.

12.    At all times herein pertinent, Mrs. Wallach was a person and employee with a serious health condition and a qualified individual with a disability within the meaning of the ADA, and the NYSHRL.

13.    The Defendant PARTNERS HEALTH PLAN, INC., (hereinafter "PHP") was and is a domestic not-for-profit business corporation created under the laws of the state of New York.

14.    PHP has a principal place of business located at 2500 Halsey Street, Bronx NY 10461.

15.    PHP was and is an "employer" of the Plaintiff as that term is defined in the FMLA.

16.    Upon information and belief PHP had fifty (50) or more persons in its employ at all times herein pertinent.

17.    PHP was and is an "employer" of the Plaintiff as that term is defined in the ADA.

18.     Upon information and belief PHP had fifteen (15) or more persons in its employ at all times herein pertinent.

19.     At all times herein pertinent, PHP was an "employer" of the Plaintiff as it is defined in the NYSHRL.

20.     The Defendant CARE DESIGN NY, LLC (hereinafter "CDNY") was and is a domestic limited liability company created under the laws of the state of New York.

21.     CDNY has a principal place of business located at 8 Southwoods Blvd., Suite 110, Albany, NY 12211.

22.     CDNY was and is an "employer" of the Plaintiff as that term is defined in the FMLA.

23.     Upon information and belief CDNY had fifty (50) or more persons in its employ at all times herein pertinent.

24.     CDNY was and is an "employer" of the Plaintiff as that term is defined in the ADA.

25.     Upon information and belief CDNY had fifteen (15) or more persons in its employ at all times herein pertinent.

26.     At all times herein pertinent, CDNY was an "employer" of the Plaintiff as it is defined in the NYSHRL

27.     Lisa Reese ("Reese"), as a VP of Human Resources for the Entity Defendants had the authority to hire, fire, discipline, supervise, and direct Plaintiff, and administer the terms, conditions and privileges of her employment.

28.     Upon information and belief, Reese's actual place of business is located at 8 Southwoods Blvd., Suite 110, Albany, NY 12211.

29.     At all times herein pertinent, Defendant Reese actually participated in the conduct giving rise to claims of discrimination alleged herein and is liable as an aider and abettor of unlawful conduct under the NYSHRL.

*Interrelationship between the Entity Defendants*

30.     Upon information and belief, in June 2021, CDNY aligned with PHP under its organization and has since labeled PHP as a partner organization on its website.

31.     Upon information and belief, in June 2021, CDNY bought the assets of PHP as a result, CDNY and PHP have the same management team and business model. Specifically, upon information and belief, CDNY's Board of Managers oversees and manages the operations of PHP. Upon information and belief, both entities are owned by the newly established parent corporation, Partnership for Healthcare Solutions.

32.     Moreover, upon information and belief, as a result of the above referenced alignment, PHP employees became CDNY employees or Partnership for Healthcare Solutions employees.

33.     Also, upon information and belief, as a result of the above purchase, CDNY Leadership team took over all of PHP.

34.     Upon information and belief, during the applicable time period, Defendants used both a CDNY email address and PHP signature.

35.     Upon information and belief, during the applicable time period, the Entity Defendants combined communications so that emails would be sent concurrently to CDNY and PHP employees.

36.     Upon information and belief, during the applicable time period, Defendants' job description listed both CDNY and PHP as employers.

37.     As explained more fully below, Defendant Reese, whose signature line stated she was a PHP employee, demanded that Ms. Wallach fill out and return a CDNY request for Accommodation Form.

38.     Upon information and belief, the Entity Defendants employed the same Human Resources Professional – the individual defendant herein.

39.     Upon information and belief, when Defendant Reese refused to consider Mrs. Wallach for positions for which she was qualified, she was employed by both CDNY and PHP.

## MATERIAL FACTS

40.     The entity Defendants provide management services designed to meet the needs of children and adults with intellectual or development disabilities and their families.

41.     Mrs. Wallach began working for the Defendants on or about November 3, 2014 as a Director of Care Management.

42.     Mrs. Wallach's last job with the Defendants was as an Assistant Director of Provider Network Management. In that role, Mrs. Wallach was responsible for overseeing account managers that service calls and correspondence from Defendants' providers, addressing provider dissatisfaction complaints and coordinating communications between Defendants and their providers.

43.     Throughout her employment with the Defendants, Mrs. Wallach proved to be a smart, driven, and ambitious employee, working late in order to complete tasks in a timely and professional manner.  Due to this, and before the Defendants began discriminating against her, as outlined below, Mrs. Wallach received praise and positive reviews from supervisors and colleagues alike.  For example, Mrs. Wallach's ability to negotiate contracts and expand the network of services is well documented by the Defendants. Moreover, she developed and delivered training for the life plan (service plan) and proper billing procedures for many provider

agencies. In fact, Mrs. Wallach has an extensive history with the Defendants of delivering core business services; in particular care management services having supervised teams of care managers specifically for people with developmental disabilities, physical disabilities, and other mental health and social issues. Given this, she is well respected among her colleagues, peers and provider agencies.

44.     Appallingly, Mrs. Wallach's upward trajectory with the Company came to a screeching halt when she informed the Company of several disabilities she had.  Mrs. Wallach has been diagnosed with advanced rheumatoid arthritis.

45.     Moreover, in June 2021 Mrs. Wallach had lifesaving emergency surgery which resulted in a long hospitalization and rehabilitation period for recovery. Due to this issue, Mrs. Wallach requested and was granted FMLA leave until early September 2021.

46.     While she was on medical leave, Mrs. Wallach had several conversations with the Defendants concerning her health and her disabilities. During these conversations, Mrs. Wallach stated that she would not be able to travel upon her return and Defendants agreed that she could continue to work from home.

47.     Despite the above assurances, when Mrs. Wallach returned from FMLA leave and continued to work remotely, the Defendants refused to allow her to do so. Instead, they refused to engage in an interactive process, shutting down all requests to discuss Mrs. Wallach's request.

48.     Rather than engage with Mrs. Wallach, Defendants initially gave her two options, quit her job or work without her reasonable accommodation.

49.     In response, Mrs. Wallach had video conference with Defendant Reese and requested to be considered for many open positions with the Defendants that she was qualified for. Rather than allow her to apply for those positions, upon information and belief, the Defendants, contrary to proper procedure, would only allow Mrs. Wallach to apply for one job and indicated that all jobs required travel.

50.     Upon information and belief, Defendants refused to consider Mrs. Wallach for any open positions because of her disability, because of her need for a reasonable accommodation, and/or in retaliation for taking leave under the FMLA.

51.     Approximately three months after her return from FMLA leave, Defendants terminated Mrs. Wallach.

52.     Mrs. Wallach was terminated on or about December 31, 2021.

53.     Plaintiff was terminated due to her disability.

54.     Plaintiff was terminated because she went out on FMLA leave.

55.     Defendants knew of discriminatory conduct and failed to take immediate and appropriate corrective action.

56.     Defendants treated non-disabled employees more favorably by not subjecting them to the discriminatory conduct outlined above.

57.     Upon information and belief, Mrs. Wallach was replaced by a non-disabled employee.

58.     Upon information and belief, the Plaintiff was replaced someone outside of her protected class.

59.     Defendants have treated the Plaintiff unequally and less well than other employees because of her disability.

60.     Employees outside Plaintiff's protected classes have and continue to be treated more favorably than Plaintiff.

61.     Upon information and belief, Defendants disciplined and terminated its disabled employees far more often than its non-disabled employees.

62.     Plaintiff was unlawfully discriminated against, on the basis of her disability in violation of the ADA and NYSHRL.

63.     Upon information and belief, Defendants failed to engage in an interactive process with the Plaintiff concerning her request for a reasonable accommodation.

64.     Defendants failed to reasonably accommodate Plaintiff's disability.

## DEMAND FOR JURY TRIAL

65.     Plaintiff demands a trial by jury on all claims in this action.

### *FIRST CLAIM FOR RELEF AGAINST THE DEFENDANTS*
#### *Retaliation under the Family and Medical Leave Act of 1993*

66.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

67.     Defendants engaged in a course of conduct, as outlined above, in retaliation for the Plaintiff exercising protected rights under the FMLA.

68.     By engaging in such retaliation, Defendants violated the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*

69.     As a proximate result of Defendants' retaliation against the Plaintiff for exercising her protected rights, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

70.     As a further proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

### *SECOND CLAIM FOR RELEF AGAINST DEFENDANTS*
#### *Disability Discrimination Under ADA*

71.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

72.     Defendants were aware of Plaintiff's disability and/or perceived disability.

11

73.     Defendants discriminated against Plaintiff on the basis of his disability and/or perceived disability in violation of the ADA.

74.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

75.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

76.     Defendants have acted with malice or reckless indifference to Plaintiff.

77.     Therefore, Plaintiff is entitled to all remedies and relief afforded by the ADA, including but not limited to, back pay, front pay, emotional distress, liquidated damages and attorney's fees and costs, as well as any and all injunctive relief.


### THIRD CLAIM FOR RELEF AGAINST DEFENDANTS
*Failure to Hire Under ADA*


78.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

79.     Defendants were aware of Plaintiff's disability and/or perceived disability.

80.     Defendants failed to hire Plaintiff because of Plaintiff's disability and/or perceived disability in violation of the ADA.

81.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer substantial losses,

including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

82.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

83.     Defendants have acted with malice or reckless indifference to Plaintiff.

84.     Therefore, Plaintiff is entitled to all remedies and relief afforded by the ADA, including but not limited to, back pay, front pay, emotional distress, liquidated damages and attorney's fees and costs, as well as any and all injunctive relief.

### *FOURTH CLAIM FOR RELEF AGAINST DEFENDANTS*
#### *Failure to Accommodate Under the ADA*

85.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

86.     Defendant was aware of Plaintiff's disability and need for reasonable accommodation.

87.     Defendants discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disability by failing to reasonably accommodate her disability, which would have allowed the Plaintiff to perform the essential functions of her job, despite Defendants' knowledge of Plaintiff's disability, in violation of the ADA.

88.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

89.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

90.     Defendants have acted with malice or reckless indifference to the Plaintiff.

### FIFTH CLAIM FOR RELEF AGAINST DEFENDANTS
#### Discrimination under the NYSHRL

91.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

92.     The New York State Human Rights Law Provides that it shall be unlawful discriminatory practice:

> For an employer… because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, or marital status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

93.     Defendants discriminated against Plaintiff on the basis of Plaintiff's disability in violation of NYSHRL.

94.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

95.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

96.    Defendants have acted with malice or reckless indifference to the Plaintiff.

## SIXTH CLAIM FOR RELEF AGAINST DEFENDANTS
### Failure to Hire under the NYSHRL

97.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

98.    The New York State Human Rights Law Provides that it shall be unlawful discriminatory practice:

> For an employer… because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, or marital status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

99.    Defendants failed to hire Plaintiff because of Plaintiff's disability in violation of NYSHRL.

100.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

101.    As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

102.    Defendants have acted with malice or reckless indifference to the Plaintiff.

### SEVENTH CLAIM FOR RELEF AGAINST DEFENDANTS
#### Failure to Accommodate Under the NYSHRL

103.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

104.    Defendant was aware of Plaintiff's disability and need for reasonable accommodation.

105.    Defendants discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disability by failing to reasonably accommodate her disability, which would have allowed the Plaintiff to perform the essential functions of her job, despite Defendants' knowledge of Plaintiff's disability, in violation of the ADA.

106.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

107.    As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

108.    Defendants have acted with malice or reckless indifference to the Plaintiff.

### EIGHTH CLAIM FOR RELEF AGAINST DEFENDANTS
#### Aiding and Abetting Under the NYSHRL

109.    Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

16

110.   The New York State Human Rights Law provides that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

111.   Defendants violated the section cited herein by aiding, abetting, inciting, compelling, and coercing the above discriminatory and unlawful conduct.

## *REMEDY*

**WHEREFORE**, Plaintiff requests a judgment against the Defendants:

a.   Declaring that the Defendants have violated the aforementioned statutes;

b.   Preliminary and permanent injunctions against Defendants and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.   Awarding future income to Plaintiff in an amount to be proven at trial, representing all loss of future earnings, including reasonable and expected increases, loss of retirement income, diminution in Plaintiff's prospective social security benefits which will be computed over the Plaintiff's prospective statistical life expectancy, and all other benefits the Plaintiff would have expected to earn during the Plaintiff's lifetime had it not been for Defendant's unlawful discrimination;

d.   Awarding damages to the Plaintiff to make the Plaintiff whole for any economic losses suffered as a result of such unlawful employment practices;

e.   Awarding statutory penalties as may be available;

f.   Awarding Plaintiff compensatory damages for mental and emotional distress, pain and suffering in an amount to be proven at trial;

g.   Awarding liquidated damages;

h.   Awarding Plaintiff attorneys' fees and costs and expenses incurred in the prosecution of the action;

i.   Awarding pre and post-judgment interest as provided by law;

j.   Awarding all relief, remedies, and damages available to Plaintiff under the law; and

k.   Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy these unlawful employment practices.

Dated:  New York, New York
        July 25, 2022

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
Amit Kumar, Esq.
*Attorneys for Plaintiff*
108 West 39th Street, Ste. 602
New York, New York 10018
(212) 583-7400
Akumar@CafaroEsq.com